Defendant-appellant, Timothy A. Hustead, appeals from the judgment of the Franklin County Court of Common Pleas accepting appellant's guilty plea to the offense of involuntary manslaughter with a gun specification. We affirm.
On May 3, 1996, appellant was indicted on one count of involuntary manslaughter in violation of R.C. 2903.04 and one count of aggravated robbery in violation of R.C. 2911.01. Both counts contained separate gun specifications. On August 21, 1996, appellant, represented by counsel, agreed to plead guilty to the involuntary manslaughter with gun specification count in exchange for a nolle prosequi on the remaining charges. Appellant signed an entry of guilty plea, and the trial court conducted a plea dialogue with appellant and appellant's counsel in open court pursuant to Crim.R. 11. Thereafter, the trial court accepted appellant's plea and sentenced appellant accordingly.
On February 25, 1998, appellant filed a pro se motion for delayed appeal, which this court granted. Thereafter, this court sustained appellant's motion for appointment of counsel, appointing the Franklin County Public Defender to represent appellant in his appeal. Through counsel, appellant has raised the following single assignment of error:
 "THE TRIAL COURT ERRED BY ENTERING JUDGMENT OF CONVICTION BASED UPON A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY."
In his brief, appellant does not allege any specific error that warrants reversal of his conviction. Rather, citingAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, appellant requests that this court conduct an independent review of the record to determine whether appellant's guilty plea was made and accepted in compliance with the standards set forth in Crim.R. 11, the Ohio Constitution, and the Constitution of the United States.
Crim.R. 11(C) specifies the procedural requirements that a trial court must follow in order to accept a guilty plea consistent with the constitutional protections afforded a defendant. Crim.R. 11(C) requires the trial court to address the defendant personally and determine that he is making the plea voluntarily, that he understands the nature of the charges, that he understands the effect of this plea, and that he understands that by his plea he is waiving certain constitutional rights. In particular, Crim.R. 11(C) states in relevant part:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
A trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977), 51 Ohio St.2d 86,88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991), 71 Ohio App.3d 734,737; see, also, Boykin v. Alabama (1969), 395 U.S. 238,243, 89 S.Ct. 1709, 1712. As to the nonconstitutional requirements of Crim.R. 11, only substantial compliance with Crim.R. 11(C) is required. Stewart, supra, at 93; State v. Nero
(1990), 56 Ohio St.3d 106, 108; Colbert, supra, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero,supra, at 108. Moreover, appellant must show that a failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made."
In this case, we have reviewed the record and find that the trial court fully complied with the requirements of Crim.R. 11 in accepting appellant's guilty plea. The entry of guilty plea form, which appellant signed, identified the charges at issue and stated that appellant had discussed the facts and law of the case with his counsel. The transcript of the plea dialogue reveals that the trial court personally informed the appellant of the potential penalties for involuntary manslaughter, informed the appellant that it was a nonprobationary offense and that the trial court would make a sentencing decision after a presentence investigation report. Thereafter, the trial court specifically informed the appellant of the constitutional rights he was waiving, including the right to a jury trial, the right to confront and challenge the state's witnesses, the right to subpoena witnesses, the right to have the state prove its case beyond a reasonable doubt, the right to remain silent, the right to a unanimous verdict, and the right to appeal a conviction. The trial court obtained affirmative responses from appellant that he understood these rights and that he understood that he waived these rights by pleading guilty. In sum, there is nothing in the record to suggest that appellant's guilty plea was made other than knowingly, intelligently, and voluntarily.
For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.