DECISION
Defendant-appellant, Rayshine S. Moore, appeals from the February 4, 1999 judgment of conviction of the Franklin County Court of Common Pleas sentencing him to twenty years to life on one count of murder and a consecutive sentence of three years on one count of rape. For the reasons that follow, we affirm.
On April 30, 1998, the Franklin County Grand Jury indicted appellant on two counts of aggravated murder with capital specifications (R.C. 2903.01), one count of aggravated robbery (R.C. 2911.01), one count of abuse of a corpse (R.C. 2927.01[B]), four counts of felonious assault (R.C. 2903.11), and four counts of aggravated vehicular assault (R.C. 2903.08). Appellant was fifteen at the time of the offenses.
On February 18, 1998, the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch had transferred the cases to the general division of the court of common pleas for appellant to be tried as an adult.
On November 3, 1998, the Franklin County Grand Jury indicted appellant on two counts of rape (R.C. 2907.02), kidnapping (R.C. 2905.01), and one count of intimidation of a crime victim (R.C. 2921.04).
As a result of a plea bargain, appellant pleaded guilty on February 1, 1999, to one count of murder without a capital specification and one count of rape. The trial court conducted a plea dialog with appellant, in which the trial court reviewed with appellant the possible penalties, including the potential maximum sentence and the recommended sentence. Appellant indicated that he understood the possible penalties. The trial court also reviewed with appellant the rights he would be waiving if he pleaded guilty, including the right to a jury trial, the right to confront and cross-examine his accusers, the privilege against self-incrimination, the right to compulsory process of witnesses, the right to require the state to prove guilt beyond a reasonable doubt, and the right to appeal. Appellant indicated that he understood the rights he was giving up, that he understood the charges, and that he was satisfied with the representation of his defense counsel. Defense counsel represented that they were satisfied that appellant's guilty pleas were being made knowingly, voluntarily, and intelligently in each case.
On July 14, 2000, appellant, proceeding pro se, filed a motion for leave to file a delayed appeal. On August 29, 2000, this court granted the motion. On appeal, appellant assigns as error the following:
 The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary.
Appellant's counsel does not allege any specific error that warrants reversal of his conviction. Rather, counsel has requested that this court review the record pursuant to Anders v. California (1967), 386 U.S. 738, to determine whether appellant's guilty pleas were made in compliance with Crim.R. 11(C) and in accordance with appellant's constitutional rights.
Crim.R. 11(C) specifies the procedural requirements that a trial court must follow in order to accept a guilty plea consistent with the constitutional protections afforded a defendant. Crim.R. 11(C) requires the trial court to address the defendant personally and determine that he is making the plea voluntarily, that he understands the nature of the charges, that he understands the effect of this plea, and that he understands that, by his plea, he is waiving certain constitutional rights. In particular, Crim.R. 11(C) states in relevant part:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
A trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977), 51 Ohio St.2d 86, 88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991), 71 Ohio App.3d 734, 737; see, also, Boykin v. Alabama (1969), 395 U.S. 238, 243. As to the nonconstitutional requirements of Crim.R. 11, only substantial compliance is required. Stewart, supra, at 93; State v. Nero (1990), 56 Ohio St.3d 106, 108; Colbert, supra, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, supra, at 108. Moreover, appellant must show that a failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made."
Here, a review of the transcript reveals that the trial court fully complied with Crim.R. 11(C)(2). Moreover, the totality of the circumstances indicates that appellant's plea was made knowingly, intelligently, and voluntarily.
Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ LAZARUS, J.
BRYANT and TYACK, JJ., concur.