OPINION
Defendant-appellant Son Tripplet appeals the January 24, 2001 Judgment Entry of the Stark County Court of Common Pleas, denying his motion to withdraw his plea prior to sentencing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
The Stark County Grand Jury indicted appellant on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree. Appellant entered a plea of not guilty to the indictment at his arraignment.
The matter proceeded to jury trial. Following the selection and swearing in of the jury, but prior to opening statements, appellant withdrew his former plea of not guilty and entered a plea of guilty to an amended charge of possession of cocaine as a fifth degree felony. Appellant executed a change of plea form, which the trial court, the State, and appellant's trial counsel also signed. The trial court conducted a Crim. R. 11 colloquy. The trial court ordered a presentence investigation and scheduled a sentencing hearing for September 13, 2000. Appellant was released on his own recognizance. After appellant failed to appear at the sentencing hearing, the trial court issued a capias for his arrest. Appellant was subsequently arrested on the capias and appeared for sentencing on January 17, 2001. On that day, appellant appeared before the trial court and made an oral motion to withdraw his guilty plea.
The trial court scheduled a hearing on the motion for January 24, 2001. At the hearing, appellant's counsel informed the trial court appellant wished to withdraw his guilty plea because he learned during his presentence investigation he could potentially be ordered to serve three years probation, and he believed he would receive a sentence of only six months probation. The trial court overruled appellant's motion and proceeded to sentence him to an eight month period of incarceration with credit for time served. The trial court memorialized its rulings on appellant's motion to withdraw guilty plea via Judgment Entry filed January 24, 2001, and appellant's sentence via Judgment Entry filed January 30, 2001. It is from the trial court's judgment entry denying his motion to withdraw his guilty plea appellant appeals, raising the following assignments of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY.
 APPELLANT WAS NOT EFFECTIVELY REPRESENTED BY COUNSEL DURING THE HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
 I
In his first assignment of error, appellant contends the trial court abused its discretion in overruling his motion to withdraw his guilty plea. Appellant specifically attacks the constitutionality of his plea because the trial court failed to comply with Crim. R. 11, his plea was not made knowingly, intelligently, and voluntarily.
The colloquy between the trial court and appellant is as follows:
 THE COURT: Mr. Tripplet, I have before me a plea of guilty to one count of possession of cocaine. The potential period of incarceration is six through twelve months or upper months in that schedule and compensation for indigency, twenty-five hundred dollars or a fine based on a standard percentage of your daily income over a period of time as determined by the Court. If restitution is applicable such as to any law enforcement agency, that would be ordered.
 I am required to advise you also that your driver's license would be suspended for a period of not less than six months, nor more than five years. Although on a suspension, if work privileges are needed your attorney can apply for those.
 And then I'm required by law to advise you if you were imprisoned on this charge and violate any of the rules — excuse me. If you were imprisoned on this charge, upon release if you violated any laws during any of the post-released parole period which would be an optional period of up to three years, any violation of that supervision would bring reimprisonment segments but not in excess of one-half of the sentence imposed.
 By changing your plea, you are waiving your trial by Jury, waiving the evidence of spoken witnesses, waiving the obligation of the state to prove beyond a reasonable doubt each of the elements for which you are charged and you waive your rights to self-incrimination.
 Do you understand all of those rights and the waiver of them and any matters?
MR. TRIPPLET [SIC]: Yes.
 THE COURT: And you are satisfied with Mr. Drake, your attorney?
MR. TRIPPLET: Yes, sir.
THE COURT: Is that a voluntary plea?
MR. TRIPPLET: Yes.
 THE COURT: One count of possession of cocaine. What is your plea to that charge?
MR. DRAKE: Guilty.
MR. TRIPPLET: Guilty.
 THE COURT: Okay. The Court understands your rights, and I'll waive those rights and we'll accept your plea and hold you to that. And we'll order a pre-sentence investigation on this matter and set the subsequent hearing for September 6th, 2000, 8:30 a.m.[1]
A trial court must strictly comply with those provisions of Crim. R. 11(C) which relate to the accused's waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses.[2] However, strict compliance does not require a rote recitation of the exact language of Crim. R. 11(C).[3]
"Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant."[4] As to the other nonconstitutional requirements of Crim. R. 11, only substantial compliance with Crim. R. 11(C) is required.[5] "Substantial compliance means under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."[6]
In the instant action, the plea colloquy contains no reference to appellant's right to compel witnesses to testify on his behalf or his right to confront the witnesses against him. With respect to these two constitutional rights, the trial court merely told appellant, "you are * * * waiving the evidence of spoken witnesses." We find this statement does not strictly comply with the requirement the trial court inform the appellant of his right to compulsory process of witnesses or of his right to confront his accusers. Because the trial court omitted these constitutional rights entirely from the Crim. R. 11 colloquy with appellant, we find the trial court erred in overruling appellant's motion to withdraw guilty plea.
Appellant's first assignment of error is sustained.
 II
In his second assignment of error, appellant raises an effective assistance of counsel claim. In light of our disposition of appellant's first assignment of error, appellant's second assignment of error is overruled as moot.
The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with law and this opinion.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with law and this opinion. Costs assessed to appellee.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] Transcript of July 31, 2000 Proceedings at 83-85.
[2] See State v. Stewart (1977), 51 Ohio St.2d 86, 88-89; State v.Ballard (1981), 66 Ohio St.2d 473, para. one of syllabus; State v.Colbert (1991), 71 Ohio App.3d 734, 737; see, also, Boykin v. Alabama
(1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274.
[3] Ballard, supra, at 480.
[4] Id.
[5] Stewart, supra, at 93; State v. Nero (1990), 56 Ohio St.3d 106,108; Colbert, supra, at 737.
[6] Nero, supra, at 108.