OPINION
On July 9, 1999, defendant, Damion O. Harris, was indicted on three counts of aggravated robbery in violation of R.C. 2911.01; five counts of robbery in violation of R.C. 2911.02; four counts of kidnapping in violation of R.C. 2905.01; and two counts of having a weapon while under disability in violation of R.C. 2923.13.
On September 23, 1999, defendant, represented by counsel, pled guilty to three counts of robbery in violation of R.C. 2911.02, all felonies of the second degree. The trial court entered a nolle prosequi as to the remaining counts of the indictment. The court accepted the plea and found defendant guilty. Pursuant to a joint recommendation between defendant and the prosecution, the trial court sentenced defendant to a prison term of two years on each of the three counts, to be served consecutively. The trial court journalized its judgment via an entry filed on September 24, 1999.
On March 19, 2001, defendant, pro se, filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A). This court granted defendant's motion and, accordingly, appointed counsel to pursue the appeal. Defendant, through counsel, has assigned two errors for our review:
 [1.] The trial court erred by entering judgment of conviction based upon a guilty plea that was not knowing, intelligent and voluntary.
 [2.] The trial court erred in ordering the sentences to be served consecutively in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(E).
In his brief before this court, counsel for defendant cites Anders v. California (1967), 386 U.S. 738, and contends that the only two potential errors which could have occurred during the trial court proceedings, and which were not waived as a result of defendant's guilty plea, were: (1) noncompliance with Crim.R. 11 during the plea proceedings; and (2) noncompliance with R.C. 2929.14(E)(4) with regard to the imposition of consecutive sentences. Therefore, pursuant to Anders, defendant's counsel requests that this court conduct an independent review of the record to determine whether: (1) defendant's guilty plea was made and accepted within the standards set forth by Crim.R. 11; and (2) whether the trial court complied with the statutory requirements set forth in R.C. 2929.14(E) before imposing consecutive sentences.
With regard to the first assignment of error, Crim.R. 11(C)(2) addresses guilty pleas in felony cases and provides, in pertinent part:
 In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
A trial court must strictly comply with the provisions of Crim.R. 11(C) which relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. As to the nonconstitutional requirements, only substantial compliance is required. State v. Stewart (1977), 51 Ohio St.2d 86,88-89, 93; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991), 71 Ohio App.3d 734, 737; State v. Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
Moreover, a defendant who challenges a guilty plea on the basis that it was not knowingly, voluntarily and intelligently made must demonstrate a prejudicial effect. Stewart, supra, at 93. The test is whether the plea would otherwise have been made. Id.
The record indicates that defendant's plea proceeding complied with the requirements set forth in Crim.R. 11. The record further indicates that defendant's guilty plea was knowingly, voluntarily and intelligently made. Defendant and his trial counsel both signed a form which itemized the rights defendant was waiving in entering the plea. The form further informed defendant of the effect of the plea and that the court, upon acceptance of defendant's plea, could proceed with judgment and sentence. The form also clearly identified the crimes to which defendant was pleading guilty and the maximum penalties. Finally, the form included an affirmation by counsel that defendant was competent to enter a plea and that defendant was acting knowingly, voluntarily and intelligently in doing so.
The transcript of the plea proceedings evidences that the prosecutor set forth the complete plea agreement and offered a statement of facts. The court then reviewed with defendant the nature of the charges against him, the potential penalties involved, including both the maximum sentence and the presumption in favor of prison, and the joint recommendation on sentencing. The court then ascertained that defendant could read and write, had read the guilty plea form before signing it, was not under the influence of alcohol or drugs, had not been promised anything as a condition of entering into the plea, had not been threatened or coerced into entering the plea, and was entering into the plea voluntarily. In addition, the court informed defendant that he would go to prison as a result of entering the plea.
The court also reviewed with defendant the constitutional rights he would be waiving if he entered a guilty plea, including the right to a trial by jury, the right to confront and cross-examine his accusers, the privilege against self-incrimination, the right to compulsory process of witnesses, the right to require the state to prove guilt beyond a reasonable doubt, and the right to appeal. Defendant indicated that he understood the rights he was waiving. Upon inquiry by the court, counsel for defendant stated that he was satisfied that defendant's guilty plea was being made knowingly, voluntarily and intelligently.
Without alleging any specific errors, defendant now claims that the court may not have complied with Crim.R. 11(C). Upon review of the record, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b) and strictly complied with Crim.R. 11(C)(2)(c). Nothing in the record suggests to this court that defendant did not understand the implications of the plea or the rights he waived in entering the plea. Further, defendant's failure to allege any specific errors in the trial court's recitation at the plea hearing constitutes clear evidence that defendant suffered no prejudice. To the contrary, the factual circumstances indicate that entering a guilty plea to only three counts of a fourteen count indictment was the wiser course to follow. Accordingly, the first assignment of error is not well-taken.
By the second assignment of error, defendant contends that the trial court may not have complied with the requirements of R.C. 2929.14(E) in imposing consecutive sentences.
R.C. 2953.08(D) provides, in pertinent part:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *
The plain language of R.C. 2953.08(D) states that a jointly recommended sentence "authorized by law" and imposed by a sentencing judge is not subject to appellate review. State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported; State v. Street (Sept. 30, 1998), Hancock App. No. 5-98-09, unreported. A sentence is "authorized by law" under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offense. State v. Walker (Dec. 6, 2001), Cuyahoga App. No. 79630, unreported; State v. Stallard (Aug. 17, 2001), Huron App. No. H-01-013, unreported; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07, unreported; State v. Byerly (Nov. 4, 1999), Hancock App. No. 5-99-26, unreported; State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported; State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, unreported; State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. No. 75642, unreported; and Engleman, supra.
As noted previously, defendant pled guilty to three counts of robbery, all second degree felonies. Pursuant to R.C. 2929.14(A)(2), a trial court may impose a definite term of imprisonment for a second degree felony of two, three, four, five, six, seven or eight years. After accepting defendant's guilty plea, the trial court sentenced defendant to a two-year term on each count, to be served consecutively. Defendant was sentenced to an aggregate total of six years. Defendant's sentences do not exceed the statutory range, and are therefore "authorized by law." Further, the transcripts from both the plea hearing and the sentencing hearing indicate that the sentence imposed by the trial court was jointly recommended by the prosecution and defendant's counsel.
Because all three of the elements set forth in R.C. 2953.08(D) have been met in this case, defendant's sentence is not subject to review. See State v. Owens (Sept. 18, 2001), Franklin App. No. 00AP-859, unreported; State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524, unreported; State v. Coats (Mar. 30, 1999), Franklin App. No. 98AP-927, unreported; State. v. Manns (Nov. 30, 2001), Clark App. No. 2000 CA 58, unreported; Byerly, supra; Street, supra; Henderson, supra; Walker, supra; Rogg, supra; Bristow, supra; and Kimbrough, supra. While defendant asserts that the trial court failed to state the specific reasons for imposing consecutive sentences, such findings were unnecessary because the sentence imposed was an agreed sentence and the sentence is within the range authorized by law. Engleman, supra; Manns, supra; and Stallard, supra. Accordingly, the second assignment of error is not well-taken.
For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
LAZARUS and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.