JOURNAL ENTRY and OPINION
Defendant-appellant Robert Rakoczy appeals from his convictions after entering guilty pleas to the following offenses: one count of rape of a minor, five counts of pandering sexually-orientated matter involving a minor, and one count of possession of criminal tools.
Appellant challenges his convictions on the ground the trial court failed at his plea hearing adequately to comply with the requirements of Crim.R 11. This court, however, concludes appellant's challenge lacks merit. Therefore, appellant's convictions are affirmed.
Appellant's convictions result from his indictment in two separate cases. In Case No. CR-398017, appellant was indicted on one count of forcible rape of a seven-year-old female, R.C. 2907.02(A)(1)(b) and (A)(2). In case No. CR-402373, appellant was indicted on six counts,viz., five counts of pandering sexually-orientated matter involving a minor, R.C. 2907.322; and one count of possession of criminal tools, to wit: a computer, R.C. 2923.24. Appellant's cases were assigned to the same court for trial. Appellant entered pleas of not guilty to the charges and retained counsel to represent him.
A lengthy discovery process ensued in appellant's cases. Eventually appellant executed written waivers of his right to a jury trial in each case. Prior to accepting appellant's written waivers, the trial court first carefully explained to him on the record the nature of the offenses of which he was accused and the maximum penalties involved for each offense. The trial court further assured itself appellant realized exactly what he was relinquishing in executing the waivers.
Appellant's cases thereupon jointly proceeded to trial. The state presented the testimony of eleven witnesses over the course of the next three days; these witnesses included the female child alleged to be the rape victim and an expert in computer forensic work.
The record reflects the state for the most part had concluded its case-in-chief when appellant's counsel indicated to the trial court appellant desired to enter into a plea agreement. The trial court enjoined appellant to carefully consider the matter requesting appellant to "sleep on" his decision.
The proposed terms of the plea agreement thereupon were set forth by the trial court as follows:
 I do want to just briefly spread on the record the plea bargain as I understand it that's been offered in effect by the State of Ohio to the defendant. It would be that on the single rape charge in Mr. Rakoczy's 398017 case, that the State of Ohio would remove the allegation that this rape was committed with the use of force or threat of force.
 By deleting that language, this rape charge ceases to carry a mandatory life sentence and merely carries a mandatory prison sentence. The prison sentence could be three, four, five, six, seven, eight, nine or ten years. But the State of Ohio only agrees to do this if Mr. Rakoczy agrees to a ten-year prison sentence as the punishment, so this would be amending the rape charge down to be a 1st degree felony carrying a mandatory prison sentence, with the defendant agreeing to serve the ten-year prison sentence, which is in effect a maximum sentence on that reduced rape charge. But of course that's a greatly reduced sentence from the mandatory life sentence.
 In addition, the State of Ohio would agree that Mr. Rakoczy pleads guilty on all six of the 5th degree felonies that are charged against him in Case Number 402373. There are, in that case, five counts of pandering. Each of those five counts are (sic) 5th
degree felonies, their maximum sentence is one year.
 The State of Ohio wants an agreed sentence from Mr. Rakoczy that he agrees to serve consecutively, meaning after the ten-year sentence for the rape, one additional year consecutively for each of those five counts of pandering.
 Now, if you serve one year consecutively on each of the five counts, that adds five years to the prison sentence. So now we're up to, in effect, an agreed sentence of 15 years. They also want a plea of guilty to the possession of criminal tools. They want the agreed sentence to reflect a one-year concurrent sentence there; therefore, pleading guilty, getting a one-year sentence on that final sixth possession of criminal tools charge doesn't add any prison sentence.
 But Mr. Rakoczy would then be pleading guilty to seven felonies, one rape, five panderings and one possession of criminal tools, and that prison sentence would be a 15-year term.
 This would be, at least in the first ten years, a mandatory sentence. After that, it would not be a mandatory sentence but it would be an agreed sentence. Agreed sentences mean that the defendants have no opportunity for an early release program or like shock incarceration, judicial release, used to be called shock probation or super shock probation. No shock incarceration, boot camp programs or anything like that. It says you go and serve your sentence.
* * *
 Mr. Rakoczy would also * * * have to stipulate to a finding that he is a sexual predator, that of course has the impact that upon release from prison, Mr. Rakoczy would have to report to the county sheriff of his county of residence and verify his residence address and meet other similar requirements for the balance of his life. And that is my understanding of the plea bargain. There may be court costs. There is (sic) no fines that I'm aware of that were part of that.
(Emphasis added.)
At that point, the trial court continued the proceedings in order for appellant to consider whether to accept the foregoing offer from the state.
The following day, appellant informed the trial court he desired to enter into the plea agreement. A colloquy between the trial court and appellant followed. Appellant informed the trial court he was thirty eight years old, had graduated from high school and had attended three years of college, was not under the influence of either alcohol or medications, and had no history of mental illness. In response to the trial court's inquiry, appellant further stated he understood that a guilty plea was an admission of his guilt of the charges.
The trial court additionally inquired of appellant in relevant part as follows:
 THE COURT: And you understand that you don't have to plead guilty, I explained to you yesterday, we can resume the trial, the Court would not be prejudiced in any way or hold it against you because you weren't available on time yesterday. The Court would be easily able to focus on the proper evidence and the case and exclude those things which wouldn't properly be used as evidence against you, understood?
THE DEFENDANT: I missed part of that.
 THE COURT: I'm saying you understand you don't have to plead guilty here today.
THE DEFENDANT: Right.
 THE COURT: And number one, that's your choice whether you plead guilty or continue the trial.
THE DEFENDANT: Okay.
THE COURT: Understood?
THE DEFENDANT: Yes.
* * *
 THE COURT: Okay. And you understand that the right to go to trial does of course include the right to decide whether you have a judge trial or jury trial, understood?
THE DEFENDANT: Right.
 THE COURT: And you know that at trial, you do always have a lawyer, can't afford one, one is appointed at no cost to you, understood?
THE DEFENDANT: Right.
 THE COURT: And you understand at trial you have to testify, no one can make you talk, they can't even comment on the fact your choice was to remain silent, if indeed that's what you choose to do, understood.
THE DEFENDANT: Understood.
 THE COURT: And you understand at trial the burden of proof is always on the prosecutor to prove guilt beyond a reasonable doubt on any given charge or charges. If the State of Ohio fails to meet that burden, then you have to be acquitted and discharged on that particular charge, understood?
THE DEFENDANT: Understood.
 THE COURT: And now at trial, you and your lawyer do get to cross examine all of the witnesses that come to build a case against you, you get subpoena power to bring witnesses who could build your side of the case, understood?
THE DEFENDANT: Uh-huh.
THE COURT: Is that a yes?
THE DEFENDANT: Yes.
(Emphasis added.)
The trial court thereafter explained the maximum penalties associated with the amended charges against appellant, cautioning that mandatory incarceration "means that the offender, once he or she is convicted of such a charge, is not eligible for a non-prison sentence." Pursuant to the plea agreement, moreover, "instead of the Court choosing the number of years mandatory incarceration, * * * you agree to a sentence of ten years * * * for conviction of rape for the kind of rape they (sic) changed this charge down to." Appellant assured the trial court he understood. The discussion of the agreed sentence with regard to the pandering charges was to the same effect.
After the trial court explained the nature of the charges and the statutory post-release control provisions applicable to appellant, appellant pleaded guilty to the amended charge in CR-398017 and the charges in CR-402373. In doing so, appellant answered "yes" when the trial court reminded him that he had "said [he] understood * * * the penalties that attach if you are convicted. . . ."
The trial court ultimately accepted appellant's pleas, found him guilty, and proceeded to sentence appellant. The trial court first considered the statutory sentencing factors before concluding the agreed sentence was appropriate.
Appellant now appeals from his convictions in the two cases. He presents the following as his sole assignment of error:
 APPELLANT'S GUILTY PLEA WAS INVOLUNTARY DUE TO THE TRIAL COURT'S NONCOMPLIANCE WITH CRIMINAL RULE 11.
Appellant argues his convictions should be reversed on the basis the trial court failed adequately to comply with the duties imposed upon it by Crim.R. 11.
Appellant contends the trial court in its colloquy with him neither ascertained appellant's cognizance his constitutional rights were forfeit by the entry of his pleas nor addressed its prerogative to proceed immediately to sentencing. As the foregoing review of the transcript of appellant's plea hearing reveals, however, appellant's contention lacks merit.
Crim.R. 11(C) provides in relevant part:
RULE 11. Pleas, Rights Upon Plea
* * *
(C) Pleas of guilty and no contest in felony cases.
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or a plea of no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
(Emphasis added.)
With respect to an explanation of constitutional rights, a trial court strictly must comply with the dictates of Crim.R. 11 (C)(2)(c). State v.Arnold (July 16, 1998), Cuyahoga App. No. 72813, unreported; State v.Colbert (1991), 71 Ohio App.3d 734. That does not mean, however, the rule's exact language must be used. State v. Arnold, supra. Rather, the focus upon review is whether the record shows the trial court explained "in a manner reasonably intelligible to that defendant" the consequences of his plea. State v. Ballard (1981), 66 Ohio St.2d 466, 480.
Appellant in this case had the benefit of several months of discovery and three days of trial in which he exercised the constitutional rights the trial court outlined for him during its colloquy. From the context of the trial court's questions, therefore, it is clear appellant, a former college student, understood that by entering his plea he was relinquishing those rights. State v. Brown (Apr. 16, 1998), Cuyahoga App. No. 71786, unreported.
Similarly, the record reflects the trial court's substantial compliance with the requirements of Crim.R. 11(C)(2)(b). State v. Arnold, supra;State v. Nero (1990), 56 Ohio St.3d 106; State v. Stewart (1977),51 Ohio St.2d 86.
In this case the trial court went to great lengths on two separate occasions to explain to appellant that because the fifteen-year sentence was a major term of the plea agreement, he would "go and serve [his] sentence" upon the entry of his pleas. Appellant's contention on appeal he did not comprehend the trial court directly could proceed to sentencing, therefore, is impossible to credit. State v. Perkins (June 22, 2000), Cuyahoga App. No. 76321, unreported.
Since the trial court thus properly fulfilled its duties at appellant's plea hearing, appellant's assignment of error is overruled.
Appellant's convictions and sentences are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and TERRENCE O'DONNELL, J. CONCUR