OPINION
{¶ 1} Defendant-appellant, Bruce Wayne Jones, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of aggravated robbery, one count of attempted murder with a firearm specification, and one count of aggravated burglary, and sentencing him accordingly. For the following reasons, we affirm that judgment.
 {¶ 2} By indictment filed October 11, 2001, appellant was charged with two counts of aggravated robbery in violation of R.C. 2911.01, one count of robbery in violation of R.C. 2911.02, two counts of kidnapping in violation of R.C. 2905.01, one count of attempted murder in violation of R.C. 2923.02 and 2903.02, one count of aggravated burglary in violation of R.C. 2911.11, two counts of receiving stolen property in violation of R.C. 2913.51, and one count of having a weapon while under disability in violation of R.C. 2923.13. In addition, the first eight counts each included firearm specifications pursuant to R.C. 2941.141 and2941.145. The charges arose from events which occurred on October 1, 2001. On that day, appellant robbed a restaurant in Columbus, Ohio. After the robbery, Columbus Police Officer Sergeant Timothy Wright, who had received a description of appellant's car, located the car and followed appellant. Appellant drove his car into the parking lot of an apartment complex. Appellant then stopped his car, jumped out and fired six shots at Sergeant Wright's cruiser. Sergeant Wright, who had not yet exited his cruiser, was hit once in the arm. Appellant ran from the scene and subsequently threatened another person while trying to elude the police. The police located appellant shortly thereafter and took him into custody.
 {¶ 3} On October 1, 2002, appellant entered a guilty plea to one count of aggravated robbery without firearm specifications, one count of attempted burglary with a firearm specification, and one count of aggravated burglary without firearm specifications. The trial court accepted appellant's guilty plea and dismissed the remaining charges. The trial court sentenced appellant to a prison sentence of eight years for the aggravated robbery conviction, ten years for the attempted murder conviction, and five years for the aggravated burglary conviction. The trial court ordered these sentences to be served consecutively for a total of 23 years in prison. Additionally, the trial court sentenced appellant to a three-year prison sentence for the firearm specification but ordered that sentence to be served concurrently with the other sentences.
 {¶ 4} Appellant appeals, assigning the following assignments of error:
[I.] Appellant's plea hearing did not conform to the due process protections as provided in the Ohio and U.S. Constitutions.
[II.] The court erred as a matter of law in sentencing appellant to consecutive terms of imprisonment.
 {¶ 5} Appellant contends in his first assignment of error that his guilty plea was not intelligently, knowingly and voluntarily made because the trial court did not comply with Crim.R. 11 in accepting his guilty plea. We disagree.
 {¶ 6} Crim.R. 11 governs the acceptance of guilty pleas. Crim.R. 11(C)(2) provides:
In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 7} Strict compliance with Crim.R. 11(C)(2)(c) is required because that portion of the rule identifies certain critical constitutional rights. State v. Colbert (1991), 71 Ohio App.3d 734, 737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. However, where a challenge to a guilty plea involves the trial court's failure to instruct the defendant about the nonconstitutional matters set forth in Crim.R. 11(C)(2)(a) and (b), the trial court need only substantially comply. State v. Stewart (1977), 51 Ohio St.2d 86,92. Substantial compliance means that, under the totality of the circumstances, the defendant objectively understands the implication of his plea and the rights he is waiving. State v. Carter (1979),60 Ohio St.2d 34, 38; State v. Nero (1990), 56 Ohio St.3d 106, 108. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Id. at 108; State v. Simmons (Aug. 4, 1998), Franklin App. No. 97APA10-1310.
 {¶ 8} Appellant argues that the trial court did not substantially comply with Crim.R. 11 because it did not inform him that he was waving his right to appeal any errors that would have arisen at trial. The right to appeal is not one of the constitutional rights enumerated in Crim.R. 11(C)(2)(c). Therefore, we need only determine whether the trial court substantially complied with the requirements of Crim.R. 11(C). State v. Young (June 18, 1997), Summit App. No. 18031.
 {¶ 9} Before accepting appellant's guilty plea, the trial court informed appellant of each of the constitutional rights he was waiving by entering a guilty plea, including his right to a jury trial. The trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c). Appellant stated that he understood he was waiving these rights. The trial court then asked appellant if he understood that, "by pleading guilty, there is no appeal of my finding you guilty?" Appellant responded that he understood this as well. The trial court also informed appellant of the possible penalties he could receive by pleading guilty and that if prison sentences were ordered they could be served consecutively. Lastly, the trial court asked appellant if his guilty plea was voluntary. Appellant answered in the affirmative. Based upon the totality of the circumstances, it is clear that appellant understood the implications of his plea and the rights he waived by entering a guilty plea. Having substantially complied with Crim.R. 11(C)(2)(a) and (b), the trial court did not err in accepting appellant's guilty plea as knowing, intelligent and voluntary.
 {¶ 10} Even if the trial court had not substantially complied with Crim.R. 11(C)(2)(a) and (b), appellant failed to demonstrate any prejudice. Nero, supra. In order to establish prejudice in this context, appellant must show that he would not have entered his guilty plea but for the trial court's failure to substantially comply with Crim.R. 11. Appellant does not make this showing.
 {¶ 11} Because the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b), and because appellant failed to show any prejudice in any event, appellant's first assignment of error is overruled.
 {¶ 12} Appellant contends in his second assignment of error that the trial court failed to make the required findings and state its reasons for imposing consecutive sentences, as required by law. A trial court must make specific findings under R.C. 2929.14(E)(4) and state its reasons for making those findings in order to impose consecutive sentences. R.C. 2929.19(B)(2)(c); State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 8-12.
 {¶ 13} R.C. 2929.14(E)(4) provides that the trial court may require an offender to serve consecutive prison sentences if it finds: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any one of the following applies:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) * * * The harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 14} In sentencing appellant, the trial court found that the consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of the conduct or to the danger posed to the public. The trial court further found that appellant was on post-release control at the time he committed these offenses and that the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offenses. These are the findings required by R.C.2929.14(E)(4).
 {¶ 15} Further, the trial court adequately stated its reasons for making these findings. Significantly, the trial court noted that this was an attempted murder of a police officer, acting in the line of duty. In 2001, the trial court noted that over 140 police officers were killed in the line of duty. The trial court emphasized the seriousness of the crime and the fact that appellant fired six shots at Sergeant Wright. The trial court further noted that it appeared appellant purposely lead Sergeant Wright to a secluded area before opening fire and that appellant threatened a number of people during the course of events. The trial court also noted that Sergeant Wright is still in pain and that this crime significantly affected his wife and children. Moreover, appellant was released from prison less than eight months before this incident and was under post-release control at the time. Appellant's prior conviction also involved the use of a gun.
 {¶ 16} The reasons articulated by the trial court are sufficient to comply with the requirements of R.C. 2929.19(B)(2). Therefore, the trial court did not err in ordering appellant's prison sentences be served consecutively. Appellant's second assignment of error is overruled.
 {¶ 17} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.