OPINION
{¶ 1} Defendant-appellant Andre L. Matney aka Dennis Lane (hereinafter "defendant") appeals from the August 19, 2002 judgment of conviction of the Franklin County Court of Common Pleas sentencing him to five years for failure to comply with an order or signal of a police officer, one year of actual incarceration for the use of a firearm and a consecutive sentence of one year for forgery. For the reasons which follow, we affirm.
 {¶ 2} On August 16, 2001, the Franklin County Grand Jury indicted defendant in case No. 01CR08-4712 on two counts of forgery, violations of R.C. 2913.31, two counts of receiving stolen property, violations of R.C. 2913.51, and one count of possessing criminal tools, a violation of R.C. 2923.34.
 {¶ 3} On December 20, 2001, the Franklin County Grand Jury indicted defendant in case No. 01CR12-7380 on one count of failure to comply with an order of a police officer with specification, a violation of R.C. 2921.331, one count of carrying a concealed weapon, a violation of R.C. 2923.12, and one count of attempted aggravated burglary with specification, a violation of R.C. 2923.02 and 2911.11.
 {¶ 4} As a result of a plea bargain, on August 15, 2002, defendant plead guilty in case No. 01CR12-7380, to one count of failure to comply with an order of a police officer with a one-year firearm specification. As to case No. 01CR08-4712, defendant plead guilty to one count of forgery. The trial court engaged in a thorough discourse with defendant during which the trial court reviewed with defendant the possible penalties he was facing, including the potential maximum sentence and the recommended sentence. Defendant indicated he understood the potential penalties. The trial court also reviewed with defendant the rights he would waive if he plead guilty. Specifically, the trial court discussed the right to trial by jury, the privilege against self-incrimination, the right to confront and cross-examine his accusers, the right to compulsory process of witnesses, the right to appeal and the right to require the state to prove guilt beyond a reasonable doubt. Defendant indicated he understood the rights he was waiving by entering a guilty plea. Accordingly, finding he knowingly, voluntarily and intelligently entered the pleas, the trial court accepted defendant's guilty pleas.
 {¶ 5} On October 23, 2002, defendant, proceeding pro se, filed a motion for leave to file a delayed appeal. We granted defendant's motion on January 16, 2003.
 {¶ 6} On appeal, defendant asserts the following assignment of error:
The defendant's guilty plea was not knowingly and voluntarily entered into or otherwise properly obtained.
 {¶ 7} Defendant does not allege any specific error which warrants reversal of his conviction. Instead, defendant requests we review the record pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, to determine whether defendant's guilty plea complied with Crim.R. 11(C) and accorded with defendant's constitutional rights.
 {¶ 8} The procedural requirements a trial court must follow in order to accept a guilty plea consistent with the constitutional protections afforded a defendant are set forth in Crim.R. 11(C), which states, in relevant part:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 9} A trial court must strictly comply with the provisions of Crim.R. 11(C) which relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977),51 Ohio St.2d 86, 88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991), 71 Ohio App.3d 734; see, also, Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709. As to the nonconstitutional requirements of Crim.R. 11, only substantial compliance is required. Stewart, supra, at 93; State v. Nero (1990),56 Ohio St.3d 106, 108; Colbert, supra, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero at 108. Further, defendant must show the failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made." Id.
 {¶ 10} A review of the transcript reveals the trial court fully complied with Crim.R. 11(C)(2). Moreover, the totality of the circumstances indicates defendant's plea clearly was made knowingly, intelligently and voluntarily.
 {¶ 11} Accordingly, defendant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.