[Cite as *State v. Clark*, 2016-Ohio-5173.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-15-1160

    Appellee                                   Trial Court No. CR0201401651

v.

Nicole Clark                                      **DECISION AND JUDGMENT**

    Appellant                                  Decided:  July 29, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Patricia S. Wardrop, Assistant Prosecuting Attorney, for appellee.

Robert P. Soto, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Nicole Clark, appeals the judgment of the Lucas County Court of

Common Pleas, finding her guilty of theft after accepting her no contest plea, and

sentencing her to 90 days in jail and five years of community control.  We affirm.

## A. Facts and Background

{¶ 2} On April 21, 2014, appellant was indicted on one count of grand theft in violation of R.C. 2913.02(A)(2) and (B)(2), a felony of the fourth degree. According to the presentence investigation report prepared in this case, appellant's indictment stemmed from a report of theft received by the Toledo Police Department on May 13, 2013. On that morning, Matthew Halcomb, owner of Gregg's Specialty Services, informed police that appellant had been negotiating fraudulent transactions for her own personal gain since assuming the role of office manager at Gregg's Specialty Services. Following a forensic accountant's further investigation into the matter, it was determined that appellant diverted a total of $96,386.85 in company funds for personal gain without authorization from Halcomb. She did so by writing company checks to herself and recording them as business transactions, disbursing bonus checks to herself without a bonus program in place, and making unauthorized ATM transactions.

{¶ 3} Following the issuance of the indictment, appellant entered a plea of not guilty, and the matter continued through pretrial proceedings. During this time, appellant entered into an agreement with the state whereby she agreed to take a polygraph test. A written "Entry of Stipulation of Use of Polygraph" was journalized on September 8, 2014. At a pretrial hearing one week later, the state indicated to the trial court that the polygraph testing was complete. Additionally, the state noted that the results of the testing were not in appellant's favor.

**{¶ 4}** Eventually, appellant appeared before the trial court for a plea hearing, at which she withdrew her plea of not guilty and, pursuant to a plea agreement, entered a plea of no contest to the amended charge of theft in violation of R.C. 2913.02(A)(2) and (B)(2), a felony of the fifth degree. Following a thorough Crim.R. 11 colloquy, the trial court accepted appellant's no contest plea and found her guilty of the amended offense. The trial court ordered the preparation of a presentence investigation report and the matter was continued for sentencing.

**{¶ 5}** At sentencing, the trial court ordered appellant to pay restitution in the amount of $96,386.85. The court also imposed a 90-day jail sentence along with a five-year term of community control. It is from this order that appellant now appeals.

### B. Assignments of Error

**{¶ 6}** On appeal, appellant assigns the following errors for our review:

First Assignment of Error: The trial court abused its discretion and committed reversible error in accepting the defendant's plea despite evidence that it was not accepted voluntarily, knowingly, and intelligently.

Second Assignment of Error: Appellant's trial counsel provided ineffective assistance by allowing appellant to be subjected to a polygraph test.

Third Assignment of Error: The trial court imposed a sentence contrary to law and abused its discretion in imposing a sentence.

3.

## II. Analysis

### A. Acceptance of Appellant's Plea

{¶ 7} In appellant's first assignment of error, she argues that the trial court erred in accepting her plea under Crim.R. 11(C).

{¶ 8} Relevant here, Crim.R. 11(C)(2)(c) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

> * * *

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71

4.

Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his or her constitutional rights. *Ballard* at paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

{¶ 10} In this case, appellant contends that the trial court erred when it accepted her no contest plea without first informing her of her right to obtain witnesses in her favor through compulsory process. Having reviewed the plea hearing transcript ourselves, we find that appellant's argument lacks merit.

{¶ 11} At the plea hearing, the trial court conducted a thorough Crim.R. 11 colloquy, expressly informing appellant of her right to compulsory process, as follows:

THE COURT: Do you understand you're waiving your right to a trial by jury of twelve persons who must be unanimous in their verdict?

[APPELLANT]: Yes.

THE COURT: You understand you're waiving your right to have the State of Ohio prove your guilt beyond a reasonable doubt as to each element of each crime of which you are charged?

[APPELLANT]: Yes.

THE COURT: Do you understand you're waiving your right to waive that right to a jury trial and have your case tried to me?

[APPELLANT]: Yes.

5.

THE COURT: Do you understand that in this case I would have to be convinced beyond a reasonable doubt just like a jury would in order to find you guilty, but there will now not be a trial?

[APPELLANT]: Yes.

THE COURT: Do you understand you're waiving your right to have your attorney confront any witness who testified against you at trial and to question them?

[APPELLANT]: Yes.

THE COURT: Do you understand you're waiving your right to compulsory process which requires the attendance of your witnesses at trial by issuance of subpoenas to make sure they show up?

[APPELLANT]: Yes.

{¶ 12} In light of the trial court's clear explanation of appellant's constitutional rights, particularly her right to compulsory process, we find that the court strictly complied with the constitutional aspects of Crim.R. 11(C)(2)(c). Thus, the court did not err in accepting appellant's no contest plea. Accordingly, appellant's first assignment of error is not well-taken.

## B. Ineffective Assistance of Trial Counsel

{¶ 13} In her second assignment of error, appellant argues that she was rendered ineffective assistance of trial counsel when her attorney allowed her to submit to a polygraph test.

6.

**{¶ 14}** A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶ 15}** Here, appellant asserts that, but for trial counsel allowing her to submit to a polygraph test, she would not have entered a no contest plea. Concerning polygraph testing, the Second District recently stated: "'When a defendant agrees to undergo a polygraph test, presumably he knows whether he is telling the truth and is willing to assume the risk of error. It is completely within his knowledge and control whether to make the decision.'" *In re S.H.W.*, 2d Dist. Greene No. 2015-CA-25, 2016-Ohio-841, ¶ 73, quoting *State v. Lascola*, 61 Ohio App.3d 228, 234, 572 N.E.2d 717 (10th Dist.1988).

**{¶ 16}** Having reviewed the "Entry of Stipulation of Use of Polygraph," which was signed by both appellant and trial counsel, we find that the decision to submit to a polygraph test rested with appellant. Moreover, even if appellant reached her decision due to advice she received from trial counsel, we find that the decision to submit to

7.

polygraph testing in this case was a tactical one that does not give rise to a claim of ineffective assistance of counsel. *See S.H.W.* at ¶ 75 ("The decision to permit S.H.W. to submit to a polygraph examination and stipulate to the results of the examination was a calculated risk that clearly falls within the realm of trial tactics, and thus, did not constitute ineffective assistance of counsel."); *State v. Evans*, 9th Dist. Lorain No. 07CA009274, 2008-Ohio-4295, ¶ 51 (finding that "the decision to enter into a stipulation regarding the admission of a polygraph is a trial strategy that does not amount per se to ineffective assistance of counsel").

{¶ 17} In light of the foregoing, we conclude that appellant was not denied the effective assistance of trial counsel. Accordingly, her second assignment of error is not well-taken.

## C. Imposition of Sentence

{¶ 18} In her third assignment of error, appellant asserts that the trial court abused its discretion at sentencing.

{¶ 19} It is well-established that appellate court review of a disputed felony sentence is no longer conducted pursuant to an abuse of discretion analysis. Rather, R.C. 2953.08(G)(2) governs our review of this matter. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

8.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 20} Appellant does not challenge the trial court's findings under R.C. 2953.08(G)(2)(a), as those findings were in her favor and led the trial court to impose a non-prison sanction in this case. Further, appellant acknowledges that the trial court's entry indicates its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Nonetheless, appellant asserts that the trial court's sentence was contrary to law because "it is not clear what factors the trial court considered."

{¶ 21} In *State v. Willis*, 6th Dist. Lucas No. L-11-1274, 2012-Ohio-6070, ¶ 10, we explained:

R.C. 2929.12 is a guidance statute. It sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. * * * Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit

9.

future crimes. While the phrase "shall consider" is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. * * * Merely stating that the court considered the statutory factors is enough. *State v. Brimacombe*, 6th Dist. Lucas No. L-10-1179, 195 Ohio App. 3d 524, 2011-Ohio-5032, ¶ 11, 960 N.E.2d 1042. (Internal citations omitted.)

{¶ 22} In this case, we find that the trial court complied with the mandates of R.C. 2929.11 and 2929.12 in stating that it considered those statutory provisions while fashioning its sentence. We further conclude that appellant's sentence is not otherwise contrary to law.

{¶ 23} Accordingly, appellant's third assignment of error is not well-taken.

### III. Conclusion

{¶ 24} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                      _____
                                                                              JUDGE

Thomas J. Osowik, J.

                                                        _____
Stephen A. Yarbrough, J.                                           JUDGE
CONCUR.

                                                        _____
                                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.