OPINION
{¶ 1} Defendant-appellant, Dwayne D. Dingess, appeals from three separate January 9, 2002 judgment entries of the Franklin County Court of Common Pleas finding appellant guilty of two counts of possession of cocaine, and one count of possession of cocaine without specification, and sentencing appellant to an aggregate term of nine years incarceration. For the reasons that follow, we affirm the judgments of the trial court.
{¶ 2} The Franklin County Grand Jury indicted appellant on May 4, 1998, on one count of possession of cocaine, a felony of the first degree, and one count of having a weapon while under disability, a felony of the fifth degree (case No. 98CR-05-2419); on April 19, 1999, on one count of possession of cocaine, a felony of the second degree, and one count of tampering with evidence, a felony of the third degree (case No. 99CR-04-2055); and on April 3, 2000, on one count of possession of cocaine with specification, a felony of the first degree, one count of possession of cocaine with specification, a felony of the fourth degree, one count of tampering with records, a felony of the third degree, two counts of unlawful possession of dangerous ordnance with specification, a felony of the fifth degree, and two counts of having a weapon while under disability, a felony of the fifth degree (case No. 00CR-04-1918).
{¶ 3} On January 7, 2002, the trial court conducted a sentencing hearing. Appellant entered a plea of guilty to the stipulated lesser-included offense of possession of cocaine, a felony of the second degree in case No. 98CR-05-2419. Upon application of plaintiff-appellee, state of Ohio, and for good cause shown, the trial court ordered nolle prosequi be entered for having a weapon while under disability count of the indictment. Pursuant to a joint recommendation, appellant was sentenced to two years incarceration to run consecutive with case Nos. 99CR-04-2055 and 00CR-04-1918.
{¶ 4} In case No. 99CR-04-2055, appellant entered a plea of guilty to the offense of possession of cocaine, a felony of the second degree. Upon application of appellee and for good cause shown, the trial court ordered nolle prosequi be entered for the tampering with evidence count of the indictment. Pursuant to a joint recommendation, appellant was sentenced to two years incarceration to run consecutive with case Nos. 98CR-05-2419 and 00CR-04-1918.
{¶ 5} Finally, in case No. 00CR-04-1918, appellant entered a guilty plea to the stipulated lesser-included offense of possession of cocaine without specification, a felony of the first degree. Upon application of appellee and for good cause shown, the trial court ordered nolle prosequi be entered for possession of cocaine with specification, unlawful possession of dangerous ordnance and having a weapon while under disability counts of the indictment.[1] Pursuant to a joint recommendation, appellant was sentenced to five years incarceration to run consecutive with case Nos. 98CR-05-2419 and 99CR-04-2055.
{¶ 6} Appellant timely filed three notices of appeal. On February 21, 2002, this court sua sponte consolidated the three appeals. Appellant sets forth the following two assignments of error:
{¶ 7} "FIRST ASSIGNMENT OF ERROR
{¶ 8} "The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the state and federal Constitutions.
{¶ 9} "SECOND ASSIGNMENT OF ERROR
{¶ 10} "The trial court erred in imposing consecutive terms of imprisonment, in violations of R.C. 2929.14(E)(4)."
{¶ 11} In his first assignment of error, appellant argues that the trial court failed to comply with Crim.R. 11(C)(2) by not properly determining whether appellant's guilty pleas were knowingly, voluntarily and intelligently entered into. Appellant contends that the trial court made a "superficial exchange" and failed to make a full inquiry into his understanding of the offenses, and, as a result, his guilty pleas were invalid and violated his constitutional rights.
{¶ 12} This court recently decided a similar issue in State v. Brooks, Franklin App. No. 02AP-44, 2002-Ohio-5794. In that opinion we held that, based on the totality of the circumstances, appellant's guilty pleas were knowingly, voluntarily and intelligently entered into because he understood the nature of the charges and the maximum penalty imposed. Id. at ¶ 33. In reaching this decision, we noted that:
{¶ 13} "Crim.R. 11(C)(2) addresses guilty pleas in felony cases and provides, in pertinent part, the following:
{¶ 14} " `In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
{¶ 15} " '(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
{¶ 16} " '(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
{¶ 17} " '(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.'
{¶ 18} "A trial court must strictly comply with the provisions of Crim.R. 11(C)(2)(c) which relates to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process, and the right to require the state to prove guilt beyond a reasonable doubt. State v. Colbert (1991), 71 Ohio App.3d 734,737; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Although the trial court need not utilize the precise language set forth in Crim.R. 11(C)(2)(c), the defendant must be informed of the critical constitutional rights in a manner reasonably intelligible to the defendant. State v. Ingram (Mar. 5, 2002), Franklin App. No 01AP-854, citing Ballard, supra, paragraph two of the syllabus. A trial court's failure to strictly comply with the constitutional provisions of Crim.R. 11(C) constitutes prejudicial error. Ingram, supra.
{¶ 19} "When a defendant's challenge to a plea is premised upon a trial court's alleged failure to inform the defendant about nonconstitutional matters, only substantial compliance is required. State v. Stewart (1977), 51 Ohio St.2d 86, 92-93; Colbert, supra; State v. Nero (1990), 56 Ohio St.3d 106, 108. `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id. Moreover, a defendant who challenges a guilty plea on a nonconstitutional basis must demonstrate a prejudicial effect. Stewart; Nero, supra. The test is whether the plea would otherwise have been made. Stewart, supra." Id. at ¶ 16-22.
{¶ 20} In the instant case, appellant's challenge to his guilty plea concerns two nonconstitutional issues; whether the trial court complied with Crim.R. 11(C)(2)(a) and (b). Specifically, appellant contends that the trial court failed to properly determine whether appellant's guilty plea was knowingly, voluntarily and intelligently entered into, and whether appellant understood the effects of the guilty pleas. Contrary to appellant's contentions, the record supports a finding that appellant understood the nature of the charges to which he subsequently pled guilty, and understood the effects of pleading guilty:
{¶ 21} "THE COURT: Mr. Dingess, are you guilty of committing these respective crimes?
{¶ 22} "THE DEFENDANT: Yes, I'm guilty * * *." (Tr. at 10.)
{¶ 23} After the trial court explained to appellant the rights he was giving up by pleading guilty, the following colloquy took place between the court and appellant:
{¶ 24} "[THE COURT:] Now, the things that I've just mentioned to you are the rights that you're giving up here today. Do you understand those rights?
{¶ 25} "THE DEFENDANT: Yes.
{¶ 26} "THE COURT: Are you willing to give them up?
{¶ 27} "THE DEFENDANT: Yes.
{¶ 28} "* * *
{¶ 29} "THE COURT: Mr. Dingess, the next thing I need to do is explain to you the different penalties on these cases. * * *
{¶ 30} "* * *
{¶ 31} "THE COURT: Now, on [Case No. 99CR-04-] 2055, the maximum sentence on that case is eight years and the shortest sentence I can impose is two years. And it's recommended that you receive two years on that case, which will run consecutive with the sentence on the other two cases that I'll get to right now.
{¶ 32} "On [Case No. 98CR-05-] 2419, the maximum sentence, again, would be eight years. The smallest or shortest sentence I can give is two years.
{¶ 33} "And on Case No. [00CR-04-] 1918, the maximum sentence that I could impose would be ten years and the shortest sentence I could give you would be three years.
{¶ 34} "Now, on these last three cases, these are what we call felony cases. And you know that you're going to get a prison sentence on those cases because that time is served with the ODRC.
{¶ 35} "Upon your release from prison, you will be placed on post-release control for a period of five years. * * * And if you fail to comply with those conditions, then the post-release can be revoked and you can be sent back to prison and required to serve a new sentence, but it cannot be more than one-half of the sentence that the court originally imposed. In addition to that, the maximum fine on the felony, the maximum fine on the felony of the first degree is twenty thousand dollars. And on the two felonies of the second degree, the maximum fine would be fifteen thousand dollars.
{¶ 36} "* * *
{¶ 37} "[THE COURT:] I would like you to take a moment and think about the things that I have just mentioned to you.
{¶ 38} "I am now asking you: Are you still willing to go ahead and enter these pleas of guilty?
{¶ 39} "THE DEFENDANT: Yeah
{¶ 40} "THE COURT: I'm sorry. Your answer is?
{¶ 41} "THE DEFENDANT: Yes."
{¶ 42} "THE COURT: Mr. Dingess, I'm going to accept these pleas then because I believe you understand what you're doing this afternoon and I believe that you're doing it voluntarily.
{¶ 43} "I have talked to you about the penalties and I also feel that you have knowingly, voluntarily and intelligently waived the rights that I have explained to you." (Tr. at 12, 15-19.)
{¶ 44} Based on the foregoing dialogue, the record established that the trial court substantially complied with Crim.R. 11(C)(2). The trial court informed appellant of his constitutional rights he was waiving, and advised him of the effect of pleading guilty, including an explanation of the maximum possible sentence for his offense. Appellant responded in the affirmative that he understood the questions asked and that he was willing to go ahead and enter guilty pleas. A trial court may find that a defendant understands the nature of the charges when the totality of the circumstances warrants such a determination. Ingram, supra, citing State v. Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus.
{¶ 45} In addition, "[a]s a general rule, this court has determined that a guilty plea is made with an understanding of the nature of the charges when: (1) a defendant is addressed in court and informs the court that he understands what he is pleading guilty to; (2) his signed guilty plea states that he has reviewed the law and the facts with his counsel; and (3) counsel advises the court that he has reviewed the facts and the law with his client and that his client has read the plea form." State v. Cantrell (Mar. 26, 2002), Franklin App. No. 01AP-818, citing State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399. In this case, appellant signed the plea forms, and his counsel informed the trial court that counsel fulfilled his obligations of representing appellant pursuant to the guilty plea forms. We find that appellant's guilty pleas were knowingly, voluntarily and intelligently made. Appellant failed to demonstrate a prejudicial effect. As such, the trial court complied with Crim.R. 11(C)(2). Accordingly, appellant's first assignment of error lacks merit.
{¶ 46} In his second assignment of error, appellant contends that the trial court violated R.C. 2929.14(E)(4) because it failed to state on the record at the sentencing hearing its reasons for imposing consecutive sentences. Based on the facts of this case, appellant's second assignment of error is not subject to review by this court. Pursuant to R.C.2953.08(D):
{¶ 47} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *"
{¶ 48} When consecutive sentences are jointly recommended, authorized by law and imposed by the sentencing judge, courts generally refuse to review those sentences on the basis that the trial court did not consider the factors enumerated by R.C. 2929.14(E)(4). State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340; State v. Manns (Nov. 30, 2001), Clark App. No. 2000 CA 58; State v. Owens (Sept. 18, 2001), Franklin App. No. 00AP-859; State v. Riley (June 12, 2001), Athens App. No. 00CA044; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07; State v. Gray (June 30, 2000), Greene App. No. 99-CA-103; State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. No. 75642; State v. Amstutz (Nov. 8, 1999), Stark App. No. 1999CA00104; State v. Byerly (Nov. 4, 1999), Hancock App. No. 5-99-26.
{¶ 49} In this case, the record of proceedings indicates that appellee and appellant's counsel jointly recommended the sentences imposed by the trial court. (Tr. at 3.) In addition, appellant's sentences were "authorized by law." A sentence is "authorized by law" if the prison term imposed does not exceed the maximum term prescribed by the statute for the offense. Harris, supra. As stated above, appellant pled guilty to two felony counts of possession of cocaine in the second degree and one felony count of possession of cocaine without specification in the first degree. A trial court may impose a three, four, five, six, seven, eight, nine or ten-year prison term for a first degree felony, R.C. 2929.14(A)(1), and a two, three, four, five, six, seven or eight-year prison term for a second degree felony, R.C. 2929.14(A)(2).
{¶ 50} Here, the trial court sentenced appellant to a two-year term for each of the two counts of possession of cocaine in the second degree, and a five-year term for the count of possession of cocaine without specification. Because the trial court ordered that these terms be served consecutively, appellant was sentenced to an aggregate of nine years. Because each of appellant's sentences were within the statutory maximum terms for the offenses pled to, they are "authorized by law."
{¶ 51} As appellant's sentences were jointly recommended, were "authorized by law," and imposed by the trial court, the sentences are not subject to review by this court. Accordingly, appellant's second assignment of error is not well-taken.
{¶ 52} For the foregoing reasons, appellant's assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
BROWN and KLATT, JJ., concur.
[1] The tampering with records count of the indictment had been previously dismissed.