[Cite as *State v. Hines*, 2016-Ohio-5543.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-15-078

    Appellee                                 Trial Court No. 2012-CR-289

v.

Charles S. Hines                            **DECISION AND JUDGMENT**

    Appellant                                Decided:  August 26, 2016

* * * * *

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an *Anders* appeal.  Appellant, Charles Hines, appeals the judgment of the Erie County Court of Common Pleas, convicting him of two counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree.  For the following reasons, we affirm.

{¶ 2} On July 11, 2012, the Erie County Grand Jury entered an 11-count indictment against appellant, consisting of one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, one count of rape in

violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and nine counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree. The charges stemmed from appellant's interactions with his step-daughter over a number of years.

{¶ 3} Appellant entered into a plea agreement whereby he would plead guilty to two of the counts of sexual battery. In exchange, the state agreed to dismiss the remaining counts. The state further agreed that appellant would be classified as a Tier III sex offender, but that community notification would not be imposed. The trial court accepted the plea, found appellant guilty, and sentenced him to two consecutive 30-month prison sentences for a total of 60 months in prison. Notably, at the plea hearing, sentencing, and in its entry, the trial court was silent regarding the issue of community notification, which is automatic under R.C. 2950.11(F)(1) unless otherwise ordered by the court.

{¶ 4} On appeal, we reversed. *State v. Hines*, 6th Dist. Erie No. E-13-054, 2014-Ohio-1996. We held that appellant did not knowingly, voluntarily, and intelligently enter his plea because the trial court failed to substantially comply with its duty to inform appellant of his non-constitutional rights under Crim.R. 11. Specifically, we held that the court failed to notify appellant that classification as a Tier III sex offender would include community notification requirements. *Id.* at ¶ 12.

{¶ 5} Subsequently, after numerous pre-trials, appellant again agreed to plead guilty to two counts of sexual battery, and the state agreed to dismiss the remaining counts. While there were some discussions between appellant and the state to jointly recommend a 48-month prison sentence, no deal was reached. The trial court then

2.

conducted a detailed Crim.R. 11 plea colloquy, including notification that if convicted, appellant would be classified as a Tier III sex offender subject to lifetime reporting requirements, but that community notification would not apply. Appellant affirmed that he understood the enumerated constitutional rights that he was waiving, and was fully apprised of the charges he was facing as well as the potential penalties. The trial court then accepted appellant's pleas, and found him guilty. The matter was continued for preparation of a presentence investigation report.

{¶ 6} The sentencing hearing was held on November 4, 2015. At the beginning, the trial court conducted a sex offender classification hearing, and found that appellant was a Tier III sex offender, but that he was not subject to community notification. The trial court then heard statements from the victim's father and mother, as well as arguments from the state and appellant relative to the appropriate sentence.

{¶ 7} In announcing its sentence, the court noted that it considered all of the statements made in open court, appellant's sentencing memorandum, the current and prior presentence investigation reports, and the entire file. The court stated that it was cognizant of the overriding principles and purposes of sentencing in R.C. 2929.11, and even listed those principles and purposes, before commenting that it tried to achieve those overriding principles in fashioning appellant's sentence. The court further stated that it weighed the seriousness and recidivism factors in R.C. 2929.12, specifically noting that three of the "more serious" factors applied. In light of all of that, the trial court sentenced

3.

appellant to 54 months in prison on each count, to run concurrently, for a total prison term of 54 months. In discussing the sentence with appellant's trial counsel, the court stated:

> THE COURT: You did a wonderful job, it's just - my feelings haven't changed from the first time I sentenced, so I was between 42 and 54, we're on the record, and I thought about it, and thought about it. I thought, you know, I'm not reversed on anything, you've worked very hard, but the facts are still the facts the way I looked at them again, and again, and again, and I gave him a little more credit because, I don't know, I've been through this case so much in my mind * * * I gave him a little bit of the benefit of the doubt, so he has a little less time. He gets credit. He's been out, he's done well. I understand that. But he still did what he did and that's why I got to the 54.

Thereafter, the trial court entered its judgment memorializing its findings and sentence.

{¶ 8} Appellant has appealed his conviction. Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the

4.

brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

## Assignments of Error

{¶ 9} In her *Anders* brief, counsel has assigned the following potential errors for our review:

1. Appellant's plea was unknowing and involuntary.

2. The trial court, in imposing incarceration for the offense, failed to properly consider the relevant sentencing statutes and the sentence is not supported by the record.

{¶ 10} Appellant has not filed a pro se brief or otherwise raised any additional matters.

## Analysis

{¶ 11} Regarding counsel's first proposed assignment of error, Crim.R. 11(C) sets forth the procedure that the trial court must follow in accepting a plea of guilty or no contest. The rule provides:

(2) In felony cases the court may refuse to accept a plea of guilty or

a plea of no contest, and shall not accept a plea of guilty or no contest

5.

without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C).

{¶ 12} The underlying purpose of Crim.R. 11(C)(2) is to ensure that the defendant has the information needed to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to the constitutional rights enunciated in Crim.R. 11(C)(2)(c), a trial

court must strictly comply with the dictates of that rule. *State v. Colbert* 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). A trial court, however, need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard* at paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

{¶ 13} For non-constitutional rights, strict adherence to Crim.R. 11(C) is not required. Rather, the trial court must substantially comply with the notice provisions. *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 14} Appellate counsel observes, and we agree, that the trial court strictly complied with its duty to notify appellant of the constitutional rights that he was waiving by entering the plea. The court also substantially complied with its duty to notify appellant of his non-constitutional rights. In particular, the court notified appellant that he would not be subject to community notification as a Tier III offender as reflected in the plea agreement. Furthermore, the transcript shows that appellant repeatedly affirmed that he understood the effect of his plea and the rights he was waiving. Therefore, we cannot say that appellant's plea was not knowingly and voluntarily made.

{¶ 15} Accordingly, counsel's first proposed assignment of error is not well-taken.

{¶ 16} In her second potential assignment of error, counsel challenges appellant's sentence. We review a felony sentence under the two-pronged approach set forth in R.C.

7.

2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

Here, the findings under R.C. 2953.08(G)(2)(a) are not applicable. Thus, we must determine if the sentence is otherwise contrary to law.

{¶ 17} In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 18} In this case, the trial court dutifully indicated that in fashioning its sentence it considered the principles and purposes of sentencing in R.C. 2929.11, and balanced the seriousness and recidivism factors in R.C. 2929.12. *See State v. Brimacombe*, 195 Ohio

8.

App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.) ("While the phrase 'shall consider' is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. Merely stating that the court considered the statutory factors is enough." (Internal citations omitted.)). In particular, the court noted the physical, psychological, and economic harm suffered by the victim, the facilitation of the offense by appellant's relationship with the victim as her step-father, and the exacerbation of the injury suffered due to the age of the victim. Further, the 54 month sentence was within the permissible range of punishments for a violation of R.C. 2907.03 pursuant to R.C. 2929.14(A)(3)(a), and the trial court properly imposed a mandatory five years of postrelease control under R.C. 2967.28(B)(1). Therefore, we do not find that appellant's sentence was clearly and convincingly contrary to law.

{¶ 19} Accordingly, counsel's second proposed assignment of error is not well-taken.

**Conclusion**

{¶ 20} We have conducted an independent review of the record, as required by *Anders*, and find no issue of arguable merit for appeal. Therefore, counsel's motion to withdraw is hereby granted.

{¶ 21} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

9.

**{¶ 22}** The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____

James D. Jensen, P.J. _____
CONCUR.

JUDGE

_____
JUDGE