[Cite as *State v. Utley*, 2017-Ohio-6920.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Darian Lamont Utley

        Appellant

Court of Appeals Nos. L-16-1024
L-16-1025
L-16-1026

Trial Court Nos. CR0201501399
CR0201502311
CR0201502154

**DECISION AND JUDGMENT**

Decided: July 21, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Joanna M. Orth, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** This is a consolidated *Anders* appeal. Appellant, Darian Lamont Utley,

appeals the judgments of the Lucas County Court of Common Pleas convicting him

pursuant to a plea agreement of: one count of burglary in violation of R.C.

2911.12(A)(2) and (D), a felony of the second degree, in case No. CR0201501399; two counts of burglary in violation of R.C. 2911.12(A)(3) and (D), felonies of the third degree, in case No. CR0201502154; and one count of burglary in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree, in case No. CR0201502311. The trial court sentenced appellant to the agreed-upon cumulative sentence of ten years in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} Appellant was indicted by the Lucas County Grand Jury in four separate cases on a total of four counts of burglary, felonies of the second degree, one count of receiving stolen property, a felony of the fifth degree, and 21 counts of receiving stolen property, misdemeanors of the first degree. On December 7, 2015, appellant withdrew his initial pleas of not guilty, and entered a plea pursuant to *North Carolina v. Alford* to two counts of burglary in violation of R.C. 2911.12(A)(2) and (D), felonies of the second degree, and two amended counts of burglary in violation of R.C. 2911.12(A)(3) and (D), felonies of the third degree. As part of the plea agreement, the remaining charges were dismissed. In addition, the parties agreed that appellant would receive a total prison sentence of ten years.

{¶ 3} The trial court accepted appellant's plea and found him guilty. The matter was continued for a sentencing hearing on December 21, 2015. At the sentencing hearing, the trial court imposed eight-year prison sentences on each of the second-degree felony burglaries, and ordered that they run concurrent with one another. The trial court

2.

also imposed 24-month prison sentences on each of the third-degree felony burglaries, also to run concurrent with one another, but consecutive to the eight-year prison sentences for the total agreed upon prison term of ten years. In ordering the sentences to be served consecutively, the trial court made the appropriate findings under R.C. 2929.14(C)(4).

## II. Anders Requirements

{¶ 4} Appellant timely appealed his conviction. Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

### III. Potential Assignments of Error

{¶ 5} In her *Anders* brief, counsel has assigned the following potential errors for our review:

1. Defendant/Appellant's plea should be set aside insofar as it was not made knowingly, voluntarily and intelligently.

2. Defendant/Appellant's sentence should be vacated as it is excessive, unreasonable and contrary to law.

{¶ 6} Appellant has not filed a pro se brief or otherwise raised any additional matters.

### IV. Analysis

{¶ 7} Regarding counsel's first proposed assignment of error, Crim.R. 11(C) sets forth the procedure that the trial court must follow in accepting a plea of guilty or no contest. The rule provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for

4.

probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(C) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C).

{¶ 8} The underlying purpose of Crim.R. 11(C)(2) is to ensure that the defendant has the information needed to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to the constitutional rights enunciated in Crim.R. 11(C)(2)(c), a trial court must strictly comply with the dictates of that rule. *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). A trial court, however, need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard* at paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

{¶ 9} For non-constitutional rights, strict adherence to Crim.R. 11(C) is not required.  Rather, the trial court must substantially comply with the notice provisions. *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977).  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 10} Appellate counsel observes, and we agree, that the trial court fully complied with Crim.R. 11(C) when it accepted appellant's guilty plea.  Appellant was informed of his right to trial by jury, right to confront and cross-examine witnesses, right to compulsory process, the right to proof beyond a reasonable doubt, the right to remain silent, and his right to a limited appeal.

{¶ 11} Appellant was also informed of the nature of the charges to which he was admitting, the maximum penalties involved, and postrelease control requirements.  The court further confirmed that no promises or threats were made to get appellant to enter his plea, that he was satisfied with counsel's advice and representation, and that appellant believed that entering the plea was in his best interest.

{¶ 12} Accordingly, we find the first potential assignment of error to be without merit.

{¶ 13} Appellant's counsel's second potential assignment of error argues that his sentence is unreasonably long and contrary to law.

{¶ 14} A defendant's right to appeal a sentence is based on specific grounds in R.C. 2953.08. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. However, R.C. 2953.08(D)(1) provides an exception to a defendant's ability to appeal. *Underwood* at ¶ 14. That section provides, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Underwood* at ¶ 20. Upon our review of the record and the sentencing entries, we find that the trial court complied with the mandatory sentencing provisions when it imposed the jointly recommended sentence. Therefore, appellant is precluded from challenging his agreed-upon sentence on appeal.

{¶ 15} Accordingly, we find the second potential assignment of error to be without merit.

## V. Conclusion

{¶ 16} We have conducted an independent review of the record, as required by *Anders*, and find no issue of arguable merit for appeal. Therefore, counsel's motion to withdraw is hereby granted.

7.

{¶ 17} For the foregoing reasons, the judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

{¶ 18} The clerk is ordered to serve all parties with notice of this decision.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE