[Cite as *State v. Johnson*, 2017-Ohio-7775.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                Court of Appeals No. L-16-1268

    Appellee                                         Trial Court No. CR0201502931

v.

Michael Johnson                                   **DECISION AND JUDGMENT**

    Appellant                                        Decided:  September 22, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**JENSEN, P.J.**

**I.  Introduction**

{¶ 1} This is an appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87

S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Appellant, Michael Johnson, appeals the judgment of

the Lucas County Court of Common Pleas, imposing an agreed-upon sentence of 18

years in prison following his guilty plea to one count of involuntary manslaughter and one count of robbery. Finding no error in the proceedings below, we affirm the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} The facts of this case were succinctly summarized by the state during the suppression hearing as follows:

[O]n November 5, 2015, * * * Scott Witkowski was working as a laborer on an apartment complex. It's the State's view of the case that he saw his car being stolen, that he attempted to stop that from happening, and was run over and ultimately killed in the defense of his car. The police department gathered evidence and ultimately led to [appellant], who was placed under arrest.

{¶ 3} Following his arrest, appellant was indicted on one count of murder in violation of R.C. 2903.02(B) and 2929.02, a felony of the first degree. Appellant subsequently filed a motion to suppress, which was denied by the trial court. Approximately one month later, appellant entered into a plea agreement with the state in which he agreed to plead guilty to one count of involuntary manslaughter in violation of R.C. 2903.04(A) and (C), a felony of the first degree, and one count of robbery in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree.[1] As part of the

---

[1] Appellant waived his right to an indictment on the additional robbery charge.

2.

plea agreement, appellant and the state jointly agreed to a sentence of 11 years on the involuntary manslaughter count and seven years on the robbery count, to be served consecutively for a total sentence of 18 years. Prior to accepting appellant's guilty plea, the trial court engaged appellant in a thorough Crim.R. 11 colloquy. After appellant was advised of his rights under Crim.R. 11, the trial court accepted appellant's guilty plea and found appellant guilty. The court then continued the matter for sentencing and ordered the preparation of a presentence investigation report.

{¶ 4} At sentencing, the trial court reviewed the presentence investigation report, considered statements in mitigation from appellant and his defense counsel, and permitted the reading of a victim impact statement. Thereafter, the trial court ordered appellant to serve 11 years in prison on the involuntary manslaughter count and seven years on the robbery count, to be served consecutively for an aggregate prison term of 18 years. In so doing, the trial court stated:

> Sentencing hearing having been held pursuant to the Revised Code 2929.19. The Defendant was afforded all rights pursuant to Criminal Rule 32. The Court has considered the record, oral statements, any victim impact statement in the reports, as well as the principles and purposes of sentencing under Revised Code 2929.11, has balanced the seriousness and recidivism factors under 2929.12.
>
> * * *

3.

The Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and [are] not disproportionate to the seriousness of the Defendant's conduct, or the danger the Defendant poses. The Court further finds that the harm caused was so great, that no single prison term for any of the offenses committed as part of any course of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 5} The trial court memorialized the foregoing findings in its November 3, 2016 sentencing entry. Appellant's timely notice of appeal was filed and appellate counsel was appointed.

{¶ 6} Appointed counsel submits that she has thoroughly reviewed the record and researched the legal issues presented, but finds no error in the proceedings below. Consequently, counsel seeks leave to withdraw from appellant's representation under *Anders*, *supra*.

{¶ 7} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. This request, however, must be accompanied by a brief identifying anything in the record that could

4.

arguably support the appeal. *Id.* Furthermore, counsel must furnish his client with a copy of the brief and request to withdraw from representation, and allow the client sufficient time to raise any matters that he chooses. *Id.*

{¶ 8} Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 9} Here, counsel has identified two potential assignments of error for our review:

Proposed Assignment of Error One: Appellant's guilty plea was involuntary and unknowing.

Proposed Assignment of Error Two: Appellant's sentence is either contrary to law or is not clearly and convincingly supported by the record.

### III. Analysis

#### A. Acceptance of Appellant's Plea

{¶ 10} In her first proposed assignment of error, appellate counsel suggests that the trial court erred in accepting appellant's guilty plea because the plea was involuntary and unknowing.

**{¶ 11}** Relevant here, Crim.R. 11(C) provides, in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 12}** In *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17-18, we explained:

6.

The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard, supra*, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id*.

For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 13} We have carefully reviewed the transcript from the plea hearing and we conclude that the trial court strictly complied with the constitutional aspects of Crim.R. 11(C) and substantially complied with the non-constitutional aspects of Crim.R. 11(C).

7.

Thus, we find that appellant's guilty plea was knowing and voluntary, and we reject appellate counsel's suggestion to the contrary.

{¶ 14} Accordingly, we find appellate counsel's first proposed assignment of error not well-taken.

## B. Sentencing

{¶ 15} In her second proposed assignment of error, appellate counsel suggests that the trial court erred in imposing appellant's sentence.

{¶ 16} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 17} Notably, R.C. 2953.08(D)(1) limits our review of the imposition of an agreed-upon sentence as follows: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Here, the sentence imposed by the trial court was recommended jointly by

8.

appellant and the state. Thus, the only issue for our consideration is whether the sentence was authorized by law.

{¶ 18} Under R.C. 2929.14(A), a trial court may impose a sentence of up to 11 years for a felony of the first degree or up to eight years for a felony of the second degree. In this case, the trial court imposed a prison sentence of 11 years as the involuntary manslaughter count, which was a felony of the first degree, and seven years as to the robbery count, which was a felony of the second degree. Therefore, we conclude that the sentence was authorized by law.

{¶ 19} Accordingly, appellate counsel's second proposed assignment of error is not well-taken.

{¶ 20} In accordance with *Anders*, *supra*, appointed counsel has requested permission to withdraw from this case. She has provided a certification verifying that she made a conscientious review of the case, found the appeal to be wholly frivolous, filed a brief on appellant's behalf identifying proposed assignments of error, and mailed the brief to appellant along with a letter informing him that he has the right to file his own brief. Appellant did not file a brief. Counsel's motion to withdraw is found well-taken and is hereby granted.

### IV. Conclusion

{¶ 21} This court, as required under *Anders*, has undertaken our own examination of the record to determine whether any issue of arguable merit is presented for appeal.

9.

We have found none. Accordingly, we grant the motion of appellant's counsel to withdraw.

{¶ 22} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE