[Cite as *State v. Reau*, 2019-Ohio-164.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                                   Court of Appeals No. L-18-1021

      Appellee                                            Trial Court No. CR0201701319

v.

Robin D. Reau                                              **DECISION AND JUDGMENT**

      Appellant                                           Decided:  January 18, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Robin Reau, appeals the December 6, 2017 judgment of the

Lucas County Court of Common Pleas, where she was convicted of two counts of

receiving stolen property in violation of R.C. 2913.51(A) and (C), felonies of the fifth

degree; two counts of tampering with records in violation of R.C. 2913.42(A)(1),(B)(1)

and (B)(4), felonies of the third degree; forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(a),(b), a felony of the fifth degree; and identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2), a felony of the fifth degree. Finding no error, we affirm.

## Assignments of Error

I. THE COURT ERRED WHEN IT DENIED DEFENDANT HER RIGHT TO MAKE A KNOWING, VOLUNTARY AND INTELLIGENT DECISION TO ENTER HER PLEA.

II. APPELLANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

## Background

{¶ 2} On February 16, 2017, appellant was indicted on 12 counts, including: 5 counts of forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(a) and (b); 3 counts of receiving stolen property in violation of R.C. 2913.51(A),(C) and 2913.17(B); 3 charges combined into 1 count of theft in violation of R.C. 2913.02(A)(1) and (B)(2); 1 count of identity fraud in violation of R.C. 2913.49(B)(2) and (I)(2); and 2 counts of tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4).

{¶ 3} Eight counts in the indictment reflect that appellant allegedly misused the identity of an individual named Denise Ann Mills ("the victim"), between July 15 and July 18, 2016, to pass bad checks, steal items, and receive stolen property. These are Count Nos. 1 through 7.

2.

{¶ 4} Count Nos. 8 and 9 reflect that on or about April 17, 2015, appellant allegedly submitted a tampered-with record to appellee, the state of Ohio, in the form of an application for certificate of auto title using the victim's name.

{¶ 5} The remaining counts, Nos. 10, 11 and 12, reflect that on or about November 30, 2015, appellant allegedly submitted a tampered-with record to appellee in the form of an Ohio driver's license application using the victim's name.

{¶ 6} On November 20, 2017, a plea hearing was held in which appellant withdrew previous pleas of not guilty and entered in pleas of guilty to Count Nos. 4, 5, 9, 10, 11, and 12. The plea terms were read into the record, and the trial court proceeded with an extensive colloquy pursuant to Crim.R. 11.

{¶ 7} The plea form specifically reflects that appellant was pleading guilty to Count Nos. 4, 5, 9, 10, 11, and 12. In exchange, appellee agreed to nolle Count Nos. 1, 2, 3, 6, 7, and 8, at the time of sentencing. Appellee also recommended "a cap of 42 months state incarceration, if the Court imposes state incarceration at time of original sentencing." The plea form, however, does note as follows: "I[, appellant,] understand the MAXIMUM penalty COULD be: a maximum basic prison term of 120 months of which 0 is mandatory, during which I am NOT eligible for judicial release or community control."

{¶ 8} Moreover, at the plea hearing, the trial court accepted appellant's pleas in open court, concluding the hearing and stating as follows:

3.

THE COURT: Let the record reflect that [appellant] has made a knowing, intelligent, and voluntary decision to withdraw her plea of not guilty and tender a plea— oh, one second. [Appellant], I'm forgetting an important step. How do you plead to these counts 4, 5, 9, 12, 10 and 11 of the indictment?

[APPELLANT]: Guilty.

THE COURT: And why are you entering pleas of guilty?

[APPELLANT]: Because I'm guilty.

THE COURT: Thank you. Let the record reflect that [appellant] has made a knowing, intelligent and voluntary decision to withdraw her plea of not guilty and tender a plea of guilty to Counts 4, 5, 9, 12, 10 and 11 in case number 2017-1319. The court finds that [appellant] has been informed of all her constitutional rights. That she understands the nature of the charges, the effects of her plea, as well as the penalties which could be imposed. Therefore the court accepts [appellant]'s pleas of guilty and finds her guilty * * *.

{¶ 9} After accepting the pleas and finding appellant guilty, the trial court proceeded and set the matter for sentencing on Monday, December 4, 2017.

{¶ 10} At sentencing, the trial court allowed appellant, her counsel, and appellee to make a statement. Then it proceeded to sentence appellant on Count Nos. 4, 5, 9, 10, 11, and 12.

4.

**{¶ 11}** Specifically, the sentencing transcript and entry reflect that appellant was ordered to serve two, 30-month sentences for Count Nos. 9 and 12. These counts were ordered to be served consecutively. With respect to Nos. 4, 5, 10, and 11, appellant was ordered to serve six-month terms, which were to be served consecutively to Nos. 9 and 12. These sentences resulted in an aggregate prison term of 84 months.

**{¶ 12}** As set forth in the plea form, the remaining counts against appellant were dismissed. The judgment was journalized December 6, 2017, and appellant now appeals.

### Assignment of Error No. I

**{¶ 13}** Appellant first asserts the trial court erred by accepting her pleas when they were not made knowingly, voluntarily or intelligently. Appellee contends appellant lawfully entered pleas and that the trial court complied with Crim.R. 11 in accepting the pleas.

**{¶ 14}** Crim.R. 11 states, in pertinent part, as follows:

(A) Pleas. A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest.* * *

(B) Effect of guilty or no contest pleas. With reference to the offense or offenses to which the plea is entered: (1) The plea of guilty is a complete admission of the defendant's guilt.

* * *

(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, * * * shall proceed with sentencing under Crim.R. 32.

5.

(C) Pleas of guilty and no contest in felony cases.

\* \* \*

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*See* Crim.R. 11(A)-(C).

**{¶ 15}** The underlying purpose of Crim.R. 11(C)(2) is to ensure the offender has the information needed to make a voluntary and intelligent decision regarding whether to plead guilty. *See State v. Contrearus*, 6th Dist. Lucas No. L-12-1114, 2014-Ohio-996, ¶ 6, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights enunciated in Crim.R. 11(C)(2)(c), a trial court must strictly comply. *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). A trial court, however, need not use the exact language found in that rule. *Ballard*, *supra*, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the offender. *Id.*

**{¶ 16}** For nonconstitutional rights, strict adherence to Crim.R. 11(C) is not required. *Contrearus* at ¶ 7. Rather, the trial court must substantially comply, provided no prejudicial effect occurs before a plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶ 17}** Here, and based on our review of the plea form and transcript of the plea hearing, we find appellant made knowing, voluntary pleas, and that the trial court complied with Crim.R. 11(C) in accepting her pleas.

**{¶ 18}** The record reveals the court explained appellant's constitutional rights in an intelligible manner. Appellant was explicitly informed of and waived her right to jury

7.

trial, to confront witnesses, to have compulsory process, against self-incrimination, and to require proof of the crime beyond a reasonable doubt. *See* Crim.R. 11(C)(2)(b) and (c).

{¶ 19} Furthermore, review of the plea form and transcript of the plea hearing support that the court substantially complied with Crim.R. 11(C) with regard to appellant's nonconstitutional rights. Appellant was questioned regarding her understanding of the nature of the charge, informed with regard to the maximum penalty of 10 years for the charges, and was informed on how she would be subject to community control and other sanctions once the pleas were accepted.

{¶ 20} We, therefore, find that an extensive colloquy occurred and, under the totality of the circumstances, appellant understood the implications of her pleas and the rights she was waiving. The trial court accepted appellant's pleas and properly proceeded to sentencing.

{¶ 21} Accordingly, the first assignment of error is not well-taken.

### Assignment of Error No. II

{¶ 22} Appellant next asserts that her trial counsel failed to provide effective assistance when advising her regarding her pleas. Appellee contends appellant received effective assistance of counsel.

{¶ 23} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

8.

(1984). A court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to her client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 24} In this case, appellant specifically implies that appellant's trial counsel was under the influence of drugs and did not fully understand the proceedings in which appellee mentioned that the victim had changed her position with respect to the sentence cap recommendation. Appellant notes that her trial counsel was arrested on May 14, 2018, for possession of a controlled substance.

{¶ 25} At sentencing, appellee mentioned the victim changed her position in open court as follows:

> THE COURT: * * * Anything from the state?
>
> [APPELLEE]: Judge, I would just like to indicate to the court that the victim is present in the court today. It's my understanding that she did write a letter and that letter was given to the court prior to the sentencing. Further, judge, just for the record, I do want to indicate that I did have a conversation with the victim and explained to her the cap recommendation, that it was a recommendation per part of the plea agreement. She did leave me a voicemail this afternoon saying that she did change her position with respect to the cap recommendation, so I don't know if that is reflected in

her letter that she wrote to the court. I did not have an opportunity to review that record or the letter. But I do want to make a record of that.

THE COURT: And the victim, for the record, does not wish to make a statement in open court; is that correct?

[APPELLEE]: That is correct.

THE COURT: Okay. Anything else from the state?

[APPELLEE]: No, Judge.

{¶ 26} Appellant's trial counsel did not object or otherwise interject. Appellant now claims trial counsel should have interjected and taken the time to explain to appellant that the chances of the court following appellee's recommended sentence virtually disappeared. These facts considered, appellant argues, should lead this court to find that trial counsel failed to provide effective assistance because appellant's ability to make knowing, intelligent pleas and waivers of constitutional rights was essentially eliminated.

{¶ 27} Nevertheless, based on our review of the record, including the transcript of the plea hearing and the plea form submitted in the record, we disagree. Specifically, we found appellant understood her pleas and the rights she was waiving, and that the trial court accepted the pleas and properly proceeded to sentencing.

{¶ 28} While accepting appellant's pleas, the trial court confirmed appellant spoke to her counsel about the pleas, had no promises made regarding her sentence, was not threatened or forced to plead, and that she was satisfied with her counsel. The trial court

10.

confirmed appellant knew and understood that the recommended 42-month sentence was not binding, as follows:

> THE COURT: And I do believe there's a sentencing recommendation, the State of Ohio is recommending a cap of 42 months of state incarceration if the court is to impose a prison sentence at the time of sentencing. Do you understand that is not a binding recommendation and the court is free to sentence you as it sees fit?
>
> [APPELLANT]: Yes, ma'am.

{¶ 29} Moreover, at the plea hearing the trial court also elaborated on the potential, aggregate prison term associated with the plea entered into by appellant, summarizing and stating as follows:

> THE COURT: [Appellant], you understand you are facing a maximum prison term of 120 months or ten years in prison, of which none is mandatory time, if the court were to sentence you to maximum consecutive sentences as to each of these counts?
>
> [APPELLANT]: Yes, ma'am.

{¶ 30} The plea form appellant signed also reflects that she was made aware in writing that the recommended sentence was not binding. Therefore, we cannot say appellant's trial counsel was ineffective for not objecting or interjecting and explaining to appellant that the recommended sentencing was not binding, because the record reflects appellant fully understood that and entered in her plea despite that possibility.

11.

**{¶ 31}** Accordingly, we find appellant's second assigned error is not well-taken.

## Conclusion

**{¶ 32}** The December 6, 2017 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.